Chief Justice Robertson
delivered the Opinion of the Court.
The decision of this case depends on the proper construction of the following clause of the will of John Hazlerig, deceased, succeeding a devise to his son John (the plaintiff in error) of a tract of land, and several bequests of various sums of money to others: — “The leg- “ acies I have given above, are to be paid out of any “ money I may have on hand at my death, and out of “ any money owing to me, and out of sales of land, ne- “ groes and personal estate. — If my estate shall not be “ sufficient to pay the foregoing legacies, then each Ieg- “ atee shall abate in proportion to the deficiency, Daniel “ Boone excepted, which is not to abate, agreeable to “ the sums respectively given them — and should my es- “ tate amount to more than the foregoing legacies, then “ the surplus shall be divided among the legatees, agree- “ able to or in proportion' to their respective legacies, “ except Daniel Boone, which is not to be increased or “ diminished.”
*49 It seems that, after paying the pecuniary legacies, a surplus remained for distribution, among the “legatees,” according to the will; and the plaintiff, who was not technically a “legatee,” but a devisee, insists that he is entitled to a rateable proportion of the residuary fund thus remaining for apportionment, under the will, among the “legatees.” His claim was rejected, and his bill for asserting it, was dismissed by the Circuit Court. And the only question to be now considered, is whether he is embraced by the foregoing extract from the will.
To ascertain the testators intention, his language should, in the absence of any inconsistent or opposing circumstance, be interpreted, according to its popular, ■ rather than its technical import. And the application of this test would bring the plaintiff within the contested provision. But, considering that clause of the will altogether add reconciling its several parts with each other and with antecedent provisions and expressions, we would father infer, though not with perfect confidence, that the testator understood the technical import of the words which he employed, and intended that they should operate according to that import. When he gave land he used the word “derise;” when he gave money he substituted “bequeath.” When he said — “the legacies I “ have given above, are to be paid out of any money “ &c.” — he manifestly inténded the pecuniary bequests. When he added — “if my estate (directed to be sold) shall “ not be sufficient to pay the foregoing legaciés, then each « legatee shall abate in proportion to the deficiency” — the word “legacies” was again obviously intended to import the pecuniary bequests; and it is but reasonable to presume that whenever, in the same Clause, he used the same word, he used it in the same sense; and the presumption is equally as strong, that the word “legatees,” in the same connexion, was intended to convey a corresponding technical meaning. Hence it would seem to be probable that, when the testator said — “each legatee “ shall abate in proportion to the deficiency,” he meant that each of those to whom he had bequeathed money, and of whom he had just before been speaking, should *50 abate on the suggested contingency. And this deduction is,fortified by the context, and also by the declaration that the abatement should be “agreeable to the sums respectivly given.” Pecuniary legacies and legatees thus appear to have been alone contemplated in the whole of the clause which has been quoted from the will.
The plaintiff, being exclusively a devisee of land, could not be required to abate in proportion to the “mm” given to him. The devise to him could not be included in these words — “the legacies I have given above shall be paid out of any money, nor in these — “in- “ sufficient to pay the foregoing legacies.” And it would be difficult, therefore, to include him in the declaration, that “each legatee shall abate in proportion to the “ deficiency, agreeable to the sums respectively given “ them;” not only for the reasons already suggested, but also, because it is more probable that the testator intended that, if the fund designated for paying the pecuniary legacies should be insufficient to pay all of them, the loss should fall on the persons only to whom those bequests were made and in proportion to the amount of money bequeathed to each of them.
The devise to the plaintiff was fixed and certain and did not depend on the amount of the residuary fund. The deficiency of that fund for paying all the charges upon it could not have diminished the value of a devise to him; its excess therefore should not enlarge his interest.
If then the plaintiff was not one of those “legatees” who were, in the specified contingency, to abate, he cannot be one of those “legatees” among whom the surplus was to be divided, “agreeable to or in proportion to “ their respective legacies.,'>
Boone, who was, in no event, to abate, was a pecuniary legatee simply; and, of course, the fact that he was excepted, should have no influence on the controverted construction of this part of the will; the intended application of which may be somewhat doubtful, especially on a first or hasty view. But it seems to this court that the more consistent interpretation is that given by the Circuit Court. Consequently, the decree dismissing the plaintiff’s bill, claiming an interest in the residuary fund, must be affirmed.